Commonwealth, to use, *v.* Hartford Accident & Indemnity Co.

514

Argued January 12, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Thomas Bradshaw,* of *May & Bradshaw,* with him *Lockhart & Long* and *A. C. Ruihley,* for appellants.—In construing a contract the court will consider the nature of the agreement itself, together with all the facts and circumstances leading up to and attending its execution, the relation and condition of the parties, the nature and situation of the subject-matter, and the apparent purpose of making the contract: McMillin v. Titus, 222 Pa. 500; Myers's Est., 238 Pa. 195; Bank of Secured Savings v. Rudolph, 83 Pa. Superior Ct. 439.

Being a professional surety, a contract will be construed most strictly in favor of the obligee: Young v. American Bonding Co., 228 Pa. 373; So. Phila. State Bank v. Nat. Surety, 288 Pa. 300; Sokoloff v. Casualty Co., 288 Pa. 211.

It is a rule of interpretation which needs no citation of authority that where a contract is open to two constructions by one of which it would be lawful and one unlawful, the former must be adopted: Zenatello v. Hammerstein, 231 Pa. 56; Hobbs v. McLain, 117 U. S. 567.

The liberal construction of surety bonds to accomplish the plain intent of the act is illustrated by the cases holding that the obligation embraces persons who furnish material to a subcontractor: Bowditch v. Gourley, 24 Pa. Superior Ct. 342; Phila. v. Nichols, 214 Pa. 265; U. S., for use, v. American Surety, 200 U. S. 197.

Montgomery Co. v. Ambler-Davis Co., 302 Pa. 333, applies to the instant case.

*Donald Thompson,* with him *Owen L. Odell,* for appellee.—The joint action cannot be maintained: Com. v. Bonham Co., 297 Pa. 514.

The bond in favor of the borough is unenforceable: Portland Sand & Gravel Co. v. Indemnity Co., 301 Pa. 132; Greene Co. v. Surety Co., 292 Pa. 304; Patterson v. Boro., 294 Pa. 401; Pittsburgh v. Construction Co., 300 Pa. 27.

516 

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1932:

As a result of a petition of the County of Beaver, the Commonwealth determined to pave with concrete a highway in that county to the width of eighteen feet. The highway passes through the Borough of Ambridge and that municipality requested that the paving within its limits be increased to the width of thirty-six feet. It was arranged between the Commonwealth and the borough that this should be done and that the contract should be let by the Commonwealth at a unit price, the borough to pay for the increased width. The undertaking was awarded to one Trevorrow and he entered into separate contracts with the Commonwealth and the borough for their respective parts of the work and gave to each a separate bond with the Hartford Accident & Indemnity Company as surety, conditioned, among other things, for the payment of labor performed and material furnished on the job. The contractor defaulted in his performance and the contracts were assumed and carried through to completion by the surety. At the time of his default the contractor had failed to pay for labor and materials supplied in the improvement of the highway, and this action was brought, on both bonds, in the name of the Commonwealth and of the Borough of Ambridge to the use of the furnishing plaintiffs to recover the amount due them. The court below determined that the joint action could not be maintained on both of the bonds, and this is the single question we need decide.

We are of opinion that the determination of the court below was correct and that a single action cannot be maintained on two separate bonds given to different obligees covering two different contracts. In com. v. R. L. Bonham Co., 297 Pa. 514, speaking through Mr. Justice KEPHART, we said, at page 518: "A surety is not liable on the bond unless it appears the unpaid work was done pursuant to the contract the bond purports to cover." This principle covers the case before us. In Clifford F. Favrot Supply Co. v. United States Fidelity

& Guaranty Co., 168 Louisiana 841, 123 Southern Repr. 593, where a contractor entered into two separate agreements to construct two separate buildings and a surety company executed two bonds, one covering each contract, and the plaintiff furnished material to the general contractor, who in turn incorporated it into the two buildings, the Supreme Court of Louisiana said: "The bonds executed by the surety in this case are statutory. They are bonds required by the law of the state, and, under the express terms of these bonds, respondent [the surety company] is liable on each bond only for materials that were furnished to, and form part of, the buildings covered by that particular bond, and cannot be held under one bond for materials that were furnished under a contract secured by another bond." It was held that a joint suit against the surety on both bonds would be dismissed, where plaintiff failed to specify what portion of the materials sold was used in the construction of each building.

On behalf of the use-plaintiffs who take this appeal, it is argued that the construction of the thirty-six foot highway was a single and unitary piece of work under the sole supervision and control of the state highway department and the separation into two contracts was a device to apportion the entire cost of construction between the Commonwealth and the borough, and that the two bonds in suit have the effect in law of one obligation, evidenced by two bonds, because they arise from one contract, manifested by two writings which provide for one unitary piece of work, that the two contracts, one with the Commonwealth and the other with the borough, were merely the former's device for prorating between it and the municipality their respective shares of the cost of the entire construction, and are in contemplation of law one contract producing in law one bond. We think this position cannot prevail, because, as before stated, the undertakings of the surety were upon separate contracts by separate bonds. Furthermore, it is set up that in

separate actions it will be impossible for the use-plaintiffs to show just what material and labor went into the part of the work done under the Commonwealth's contract and the part done for the borough, as it was all performed simultaneously.

In addition to this action, separate suits have been brought by the use-plaintiffs against the surety. The difficulties which appellants' counsel see in proving the liability on each bond in the separate actions, we think are more fanciful than real. It would appear to us that the proper way to proceed would be by trying the separate actions together and probably this will be done. In this way, the jury under the guidance of the court can justly proportion the unpaid liabilities of the contractor on each of the contracts and hence on each of the bonds.

The action of the court below in entering judgment for the defendant on the questions of law raised is affirmed.